Honorable Ed Gilbert State Representative P. O. Box 633 Mt. Home, Arkansas 72653
Dear Representative Gilbert:
This is in response to your letter of July 16, 1985, wherein you requested an opinion on whether a conflict of interest arises when a city councilman votes on issues which relate to his private employment. Your letter provides four specific situations which were supplied by Mr. Charles Maas. These examples include:
 I. Is there a conflict where a councilman who is also a manager for a State school for the handicapped votes to blacktop a road around the school;
 II. Is there a conflict where a city councilman who also is employed by the State Mental Health Department votes against a land tax to be placed on the property of the State Mental Health Department;
 III. Is there a conflict where a city councilman who is also an employee of a State nursing home votes against a raise in water and sewage costs due to the fact that the nursing home would use large amounts of water;
 IV. Is there a conflict where a city councilman who is also self-employed as a builder and developer votes on issues which pertain to the subdivision code?
Generally, an officer would be disqualified from participating in a decision when he has a personal interest which might interfere with the unbiased discharge of his duty to the public. Our Supreme Court held in Van Hovenberg v. Holman, 201 Ark. 370,144 S.W.2d 719, (1940), that no member of a city council may vote on any question involving his own pecuniary interest, if that is immediate, particular, and distinct from the public interest. However, a member is not disqualified where his interest is only as a member of a class.
The Van Hovenberg case dealt with a member of the city council who voted to grant a permit to an oil company to build and operate a filling station on a lot owned by said councilman. Previous requests for a permit made by other land owners on the same street to erect a filling station had been objected to by this councilman. Also, the councilman had secured a ten year lease with an option to purchase the station in question from the oil company. In holding the councilman incompetent to vote, the Supreme Court stated:
 It would be inconsistent if the law were that the collector of an improvement district, and a bridge district commissioner, could not profit through transactions with the districts, but an alderman could disregard the ordinances he has sworn to uphold by illegally constructing a filling station, and then consummate his plan to lease it by adding his vote to three others. . . .
Id. at 375.
Based on the above case, it is my opinion that there is no conflict with a councilman votes to blacktop a road around a school for the handicapped, votes against a land tax to be placed on property of the state or votes against a raise in water and sewage costs due to the fact that any interest by such councilman would fail to present a direct pecuniary interest that was distinct from the public. This reasoning also applies to your fourth example involving a self-employed builder and developer; however, whether or not a conflict arises would depend upon the specifics of the situation.
It is also important to note that Arkansas law prohibits a member of the city council from being interested, directly or indirectly, in the profits of any contract or job for work or services to be performed for the city. Ark. Stat. Ann. 19-909 (Repl. 1980).
Accordingly, I conclude that a council member need not disqualify from service if the primary benefit of his action flows directly to another with no direct pecuniary interest that is separate and distinct from the public flowing to the member.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Connie Griffin.